UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| INVADO PHARMACEUTICALS, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18 C 2515 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| FORWARD SCIENCE DISTRIBUTION LLC, FORWARD SCIENCE LLC, FORWARD SCIENCE HOLDING INC., and FORWARD SCIENCE TECHNOLOGIES LLC, and JANE DOES No. 1–10, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case arises out of an unsuccessful business relationship between Plaintiff Invado Pharmaceuticals, Inc. ("Invado") and Defendants Forward Science Distribution LLC, Forward Science LLC, Forward Science Holding Inc., and Forward Science Technologies LLC (collectively, "Forward Science"). The parties signed a confidentiality agreement during negotiations for a potential business arrangement, and Invado then shared with Forward Science confidential information and trade secrets regarding two of its pharmaceutical products. No actual business relationship emerged, but Forward Science later brought two new pharmaceutical products to market similar to Invado's products. Invado has now sued Forward Science for breach of contract and violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1831 *et seq*.[1] Forward Science moves to dismiss these claims. Because Invado has adequately pleaded its breach of contract and DTSA claims, the Court denies Forward Science's motion.

---

[1] In addition to its breach of contract and DTSA claims, Invado brings claims against Forward Science for trademark infringement and trademark dress infringement, as well as federal and Illinois common law claims of unfair competition. Forward Science does not address these claims in its motion to dismiss.

## BACKGROUND[2]

Invado is a New York company that developed two oral treatment pharmaceutical products, NeutraCaine® and NetraSal®. Invado owned the registrations for both trademarks in October 2014 when it began discussing a potential business relationship with Forward Science. The Forward Science entities are organized in the state of Texas and solicit sales in Illinois.

The parties had an initial meeting via telephone on October 8, 2014 to discuss the possibility of Forward Science working as an independent sales agent for Invado. They subsequently signed a confidentiality agreement (the "Agreement") in which Forward Science agreed that it would use confidential information disclosed by Invado only for purposes of exploring a business relationship. Invado and Forward Science met in November 2014, and Invado disclosed proprietary and confidential details regarding its NeutraSal and NeutraCaine business models, including information related to manufacturing, distribution, pricing strategies, sales and industry relationships, and market sales data. The parties ultimately did not form a business relationship and went their separate ways.

On August 25, 2015, Forward Science's president made a 510(k) medical device filing with the Food and Drug Administration ("FDA") for SalivaMAX. The filing stated that NeutraSal was one of the predicate devices for SalivaMAX and that SalivaMAX was the substantial equivalent of NeutraCaine. In 2017, Forward Science announced another product for oral pain relief called SalivaCAINE. Prior to 2015, Forward Science did not manufacture or sell

---

Invado also seeks damages from unknown defendants—Jane Does 1–10, who allegedly shared confidential information with Forward Science—for breach of contract and DTSA violations.
[2] The facts in the background section are taken from Invado's complaint and are presumed true for the purpose of resolving Forward Science's motion to dismiss. *See Virnich v. Vorwalrd*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. Of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

products in the same market as Invado, other than through a subsidiary known as OralID, which sold oral disease screening products.

Invado asserts that Forward Science used Invado's confidential information in bringing SalivaMAX and SalivaCAINE to market, in violation of the Agreement and the DTSA. Invado also claims that Forward Science acquired additional trade secrets and confidential information about Invado's products from unknown defendants who previously worked at Invado (Jane Does 1–10).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

**I.      Breach of Contract**

Forward Science argues that the Court should dismiss Invado's breach of contract claim because Invado did not allege sufficient facts to show a breach of the Agreement and because Invado failed to allege facts to show damages.

The Agreement is governed by Texas law.[3]  Under Texas law, a breach of contract claim requires: "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Brooks v. Excellence Mortg., Ltd.*, 486 S.W.3d 29, 36 (Tex. App. 2015).

Invado sufficiently alleged a breach of contract because its complaint contains sufficient factual information to state a plausible claim for relief.  *See Wilson v. Career Educ. Corp.*, 729 F.3d 665, 676 (7th Cir. 2013) ("At the pleading stage, [a plaintiff] must simply allege a plausible breach of contract theory.").  Although the "allegations are scattered" throughout the complaint, Invado put Forward Science on notice for the basis of its breach of contract claim.  *Brechbill v. Home Invest LLC*, No. 17-cv-7313, 2018 WL 4384297, at * 8 (N.D. Ill. Sept. 14, 2018); *see also Axiom Ins. Managers Agency, LLC v. Indemnity Ins. Corp.*, No. 11 C 2051, 2011 WL 3876947, at *12 (N.D. Ill. Sept. 1, 2011) ("A plaintiff need not plead all the specific details underlying an alleged breach of contract to state a claim.").  Invado alleges that Forward Science "agreed in writing that . . . neither party would use any Confidential Information" other than in connection with its evaluation of the potential business relationship.  Doc. 1 ¶ 37.  Invado further asserts that "Forward Science through its actions stated herein breached the [Agreement]" because it "used

---

[3] The Agreement contains a choice of law clause providing that the Agreement "will be governed by and construed in accordance with the laws of the State of Texas." Doc. 1 Ex. 1 ¶ 6. The parties do not dispute the validity of the choice of law provision.

Invado's confidential information and trade secrets . . . to launch competing products into a market in which Forward Science had no previous presence." Doc. 1 ¶¶ 18, 41.  Unlike in *Officemax, Inc. v. NHS Human Servs., Inc.*, where the specific facts that the plaintiff pleaded did not support its claim that the defendant breached their contract, Invado has pleaded specific facts here that would constitute a breach of the Agreement.  No. 1:16 C 9111, 2017 WL 1022078, at *3 (N.D. Ill. Mar. 15, 2017).  If, as alleged, Forward Science used the confidential information provided pursuant to the Agreement to develop SalivaMAX and SalivaCAINE, that would constitute a breach of the Agreement.  Invado has pleaded sufficient facts to support the breach element of its breach of contract claim.

Invado has also pleaded sufficient facts to support the damages element of its breach of contract claim.  "[A]ll that is necessary to state a claim for breach of contract, under notice pleadings requirements, is to allege the existence of damages."  *Hanover Ins. Grp. v. Singles Roofing Co.*, No. 10 C 611, 2012 WL 2368328, at *4 (N.D. Ill. June 21, 2012).  Invado's complaint asserts that Forward Science "caus[ed] damage to Invado" when it used Invado's confidential product information to create rival products.  The Court can also infer the type of damage that Forward Science's breach caused; a party would clearly be damaged by another party using its trade secrets and confidential product information to create products that rival the initial products.  However, that inference is unnecessary, because Invado specifically states in its complaint that the breach "is likely to cause confusion in the marketplace, takes unfair advantage and makes unfair use of confidential information and trade secrets shared by Invado about its product and business research and development without compensation to or authorization by Invado and fosters unfair competition in the highly competitive marketplace of medical devices and pharmaceuticals."  Doc. 1 ¶ 1.  This same explanation of damages can be found in the cease

5

and desist letter that Invado initially sent Forward Science, attached as an exhibit to the complaint. Doc. 1 Ex. 2. Invado has alleged sufficient facts to put Forward Science on notice of the breach of contract claim against them and render Invado's right to relief plausible.

Because Invado sufficiently alleged a plausible claim, the Court denies Forward Science's motion to dismiss Invado's breach of contract claim.

## II.     Violation of the Defend Trade Secrets Act

Forward Science also argues that the Court should dismiss Invado's DTSA claim for failure to allege a violation after the enactment of the statute and failure to state a claim.

The DTSA took effect on May 11, 2016 and only covers acts occurring "on or after the date of the enactment of this Act." *Molon Motor & Coil Corp. v. Nidec Motor Corp.*, No. 16 C 03545, 2017 WL 1954531, at *8 (N.D. Ill. May 11, 2017). To state a claim for a violation of the DTSA, Invado must allege that Forward Science misappropriated a trade secret. 18 U.S.C. § 1836(b)(1) ("An owner of a trade secret that is misappropriated may bring a civil action under this subsection."). "The DTSA defines a trade secret as a variety of business related information that the owner of which has taken reasonable measures to keep secret and from which the owner derives economic value from that information not being generally known or readily ascertainable by others who could gain an economic advantage from that information." *Prominence Advisors, Inc. v. Dalton*, No. 17 C 4369, 2017 WL 6988661, at *3 (N.D. Ill. Dec. 18, 2017). Misappropriation under the DTSA includes the "disclosure or use of a trade secret of another without express or implied consent" under certain conditions. 18 U.S.C. § 1839(5)(B).

Forward Science first argues that the conduct Invado alleges violated the DTSA occurred in 2014, well before the statute became effective. A close reading of the complaint reveals that this is simply incorrect. To state a plausible claim for relief under the DTSA, the plaintiff must

allege a prohibited act occurring after May 11, 2016. *Adams Arms, LLC v. Unified Weapons Sys., Inc.*, No. 8:16-cv-1503-T-33AEP, 2016 WL 5391394, at *6 (M.D. Fla. Sept. 27, 2016). Although Invado alleges that it revealed its trade secrets and confidential information to Forward Science in 2014, it alleges that Forward Science misappropriated that information at a later date. According to the complaint, Forward Science did not introduce SalivaCAINE until 2017. Doc. 1 ¶ 14. Forward Science responded to Invado's cease and desist letter on April 3, 2017, stating its intention to continue selling the two products. *Id.* ¶ 16. Further, Forward Science filed for "federal trademark registration of the Principal Register of the USPTO for the SalivaMAX mark" on September 12, 2017. *Id.* ¶ 17. If, as Invado claims, Forward Science misappropriated Invado's trade secrets in the process of developing and selling SalivaMAX and SalivaCAINE, the violations that Invado has alleged continued past May 11, 2016.

Forward Science also argues that Invado did not sufficiently identify the trade secrets that it alleges Forward Science misappropriated. For a DTSA claim to survive a motion to dismiss, a complaint need only identify the alleged trade secret in a general sense. *See, e.g., Wells Lamont Indus. Grp. LLC v. Richard Mendoza & Radians, Inc.*, No. 17 C 1136, 2017 WL 3235682, at *3 (N.D. Ill. July 31, 2017) (finding that the allegation that defendant "was exposed to confidential information such as customer account information, product summaries, pricing sheets, product prototypes, product designs, and detailed sales reports" was sufficient to survive a motion to dismiss); *Mission Measurement Corp. v. Blackbaud, Inc.*, 216 F. Supp. 3d 915, 920–21 (N.D. Ill. 2016) (holding that an allegation generally referencing business models, business plans, and product development plans was sufficient). Invado sufficiently alleges the existence of a trade secret by identifying its "trade secrets and confidential business practices, including but not limited to proprietary and confidential information regarding Invado's manufacturing,

7

distribution, pricing strategies, sales and industry relationships, and other business proprietary information not generally known to the public." Doc. 1 ¶ 1. Trade secret allegations are adequate "in instances where the information and the efforts to maintain its confidentiality are described in general terms." *Mission Measurement*, 216 F. Supp. 3d. at 920 (internal quotation marks omitted).

Finally, Forward Science contends that Invado has not specified how Forward Science misused Invado's trade secrets. Again, "[a]ll that is required at this stage of proceedings is an allegation that [the defendant] misappropriated [plaintiff's] trade secrets sufficient to put the defense on notice as to the nature of the claim." *Aggreko, LLC v. Barreto*, No. 1:16-cv-353, 2017 WL 963170, at *2 (D. N.D. Mar. 13, 2017). Invado alleges that Forward Science misused its trade secrets by using them to develop and sell two new rival products. Doc. 1 ¶¶ 46–47. This is sufficient to state a plausible claim at this stage in proceedings, and so the Court denies Forward Science's motion to dismiss Invado's DTSA claim.

## CONCLUSION

For the foregoing reasons, the Court denies Forward Science's motion to dismiss [16].

Dated: October 16, 2018

_____
SARA L. ELLIS
United States District Judge